# Office of the Attorney General
## State of Texas
July 8, 1997


**DAN MORALES**
ATTORNEY GENERAL

Bruce A. Levy, M.D., J.D.
Executive Director
Texas State Board of Medical Examiners
P.O. Box 2018
Austin, Texas 78768-2018

Opinion No. DM-443

Re: Authority of a physical therapist to perform needle electromyography testing   (RQ-928)

Dear Dr. Levy:

On behalf of the State Board of Medical Examiners (the "board"), you have asked this office a series of questions relating to the authority of a physical therapist to perform a procedure called needle electromyography. The questions arise, as we understand it, from a controversy as to whether this procedure requires specialized medical training, and as to whether such testing invariably involves a diagnosis of the sort which would constitute the practice of medicine. This office has and professes no skill in the technical questions which may be involved here, for the resolution of which we will defer to the board. Rather, we restrict ourselves to the legal questions involved. Here too we find the decision of the board at its August 17, 1996 meeting, a transcript of which has been provided to us, to be entitled to great weight.

You ask first whether the performance of needle electromyography is the practice of medicine, and falls within the scope of practice for licensed physicians. The practice of medicine is defined by V.T.C.S article 4495b, section 1.03(a)(12), as follows:

> A person shall be considered to be practicing medicine within this Act:
>
> (A)   who shall publicly profess to be a physician or surgeon and shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof; or
>
> (B) who shall diagnose, treat, or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method and to effect cures thereof and charge therefor, directly or indirectly, money or other compensation.

The statutory definition of the practice of medicine is a broad one, as this office has noted in the past. Attorney General Opinion DM-423 (1996) at 2. Moreover the board has express

statutory authority to "determine whether or not an act constitutes the practice of medicine." *Id.* (citing V.T.C.S. art. 4495b, § 3.06(d)(1)). The board by a resolution adopted at its meeting on August 17, 1996, has so decided, and this office defers, as it customarily does, to a reasonable interpretation by a state agency of the statute it is charged to enforce. Accordingly, we answer your first two questions in the affirmative. The decision by the board that needle electromyography constitutes the practice of medicine and is within the scope of practice of a licensed physician is a reasonable one.

You next ask whether the practice of needle electromyography falls within the scope of practice of a licensed physical therapist. As you are aware, the Texas Board of Physical Therapy Examiners has taken the position that it does. The Board of Physical Therapy Examiners' position is based upon its interpretation of the definition of physical therapy in its enabling statute, which includes the following language: "Physical therapy includes the testing and measurement of the function of the musculoskeletal, neurological, pulmonary and cardiovascular systems . . . ." V.T.C.S. art. 4512e, § 1(1).[1]

Based upon this interpretation, the Board of Physical Therapy examiners in 1993 adopted by rule a definition of physical therapy which includes the practice of electromyography. 22 T.A.C. § 321.1. In our view, the decision that electromyography is "testing and measurement" of the sort described in article 4512(e), section 1(1) is not unreasonable. Under section 2G of article 4512e, the Board of Physical Therapy Examiners is charged with the enforcement of the Physical Therapy Act. Accordingly, its reasonable interpretation of that act is entitled to the same deference we give to your interpretation of the Medical Practice Act. Therefore we answer your third question in the affirmative as well. The decision by the Board of Physical Therapy Examiners that electro-myography is within the scope of practice of a licensed physical therapist is a reasonable one.

You next ask which state agency or agencies have the authority to regulate such practice. Insofar as electromyography constitutes the practice of medicine, you have that authority. Insofar as electromyography is within the scope of practice of a licensed physical therapist, the Board of Physical Therapy Examiners has that authority. The question is directly analogous to one this office considered in Attorney General Opinion DM-423. In that opinion request, the board asked whether a particular procedure was within the practice of medicine, and whether it was within the practice of podiatry. We declined to answer whether the particular therapy constituted podiatry, noting that "the determination of what constitutes the practice of podiatry is the business of the Board of Podiatric Medical Examiners more than of this office." Attorney General Opinion DM-423 (1996)

---

[1]The act further provides that "a license issued hereunder shall not authorize the diagnosis of diseases or the practice of medicine as defined by law." A brief submitted in response to this request suggests that electromyography is generally diagnostic. A determination of what constitutes diagnosis would, in our view, require expertise that this office does not purport to possess, as well as factual determinations of a sort that we cannot make in the opinion process. We defer here to the informed judgment of the Boards of Medical and Physical Therapy Examiners as to when and whether the practice is diagnostic.

n.1 at 4. However, we further noted that if the relevant body did so decide, the Board of Medical Examiners could not regulate the activity of licensed podiatrists in that regard. *Id.* Here, the rule adopted by the Board of Physical Therapists is a clear and reasonable determination that electromyography is within the scope of practice of physical therapists. For that reason, and because by its terms the Medical Practice Act does not apply to "duly licensed physical therapists who confine their activities or practice strictly to physical therapy and who are not in violation of any law relating to physical therapy practice," the board has no regulatory authority over physical therapists practicing electromyography. V.T.C.S. art. 4495b, § 3.06(a)(7).

To answer your final question, the jurisdictional limit recited above would appear to be the principal limitation on your rule-making authority, and conversely on that of the Board of Physical Therapy Examiners as well. Accordingly, the development of any general rules regulating this activity would require the cooperation of both boards, and is not within the province of either board exclusively. Physical therapists would, in their practice, be governed by the rules of the Board of Physical Therapy Examiners, doctors by those of the Board of Medical Examiners.

## S U M M A R Y

The decision by the Board of Medical Examiners that needle electromyography constitutes the practice of medicine and is within the scope of practice of a licensed physician is a reasonable one. The decision by the Board of Physical Therapy Examiners that electromyography is within the scope of practice of a licensed physical therapist is a reasonable one. Insofar as electromyography constitutes the practice of medicine, the Board of Medical Examiners has the authority to regulate the activity. Insofar as electromyography is within the scope of practice of a licensed physical therapist, the Board of Physical Therapy Examiners has that authority. Accordingly, the development of any general rules regulating this activity would require the cooperation of both boards, and is not within the province of either board exclusively. Physical therapists would, in their practice, be governed by the rules of the Board of Physical Therapy Examiners, doctors by those of the Board of Medical Examiners.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General